UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATER OF WALTER A. STOKES AND WAS MARINE SERVICE, INC., AS THE OWNERS AND OWNERS PRO HAC VICE OF THE M/V CAPT STOKES AND HER CARGO, ENGINES, TACKLE, GEAR, APPURTENANCE, ETC, *IN REM*, PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO. 16-14645<br><br>SECTION "S" (4) |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Claimant Brian Vanbuskirk's Motion to Transfer Venue (Doc. #9) is **DENIED.**

**IT IS FURTHER ORDERED** that Claimant Tony Galindo's Motion to Dismiss (Doc. #13) is **DENIED**.

BACKGROUND

This matter is before the court on a motion to transfer venue filed by claimant, Brian Vanbuskirk, and a motion to dismiss filed by claimant, Tony Galindo. Both claimants argue that this matter should be heard in the United States District Court for the Eastern District of Texas, Beaumont Division.

On July 6, 2016, the M/V CAPT STOKES, an offshore supply vessel, and the M/V MISS WYNTER, an offshore crewboat, collided in the navigable waters of the State of Louisiana. Walter A. Stokes, a citizen of Texas, owns the M/V CAPT STOKES, and WAS Marine Service, Inc., a corporation that is organized under the laws of and maintains its principal place of business in Texas, is the owner *pro hac vice* of the M/V CAPT STOKES. Abe's Boat Rentals, Inc., a

corporation organized under the laws of and that maintains its principal place of business in Louisiana, owns the M/V MISS WYNTER.

On August 10, 2016, Galindo sued WAS and Abe's in the Jefferson County District Court, State of Texas seeking damages for injuries he allegedly sustained in the July 6, 2016, accident. Galindo is a citizen of Texas.

On September 8, 2016, Abe's sued WAS in the United States District Court for the Eastern District of Louisiana alleging that WAS was at fault for the July 6, 2016, accident and seeking damages incurred as a result (Civil Action No. 16-14570).

On September 9, 2016, Vanbuskirk sued WAS and Abe's in the Jefferson County District Court, State of Texas seeking damages for injuries he allegedly sustained in the July 6, 2016, accident. In that compliant, Vanbuskirk alleges that he is a citizen of Mississippi and was a passenger on the M/V MISS WYNTER at the time of the collision.

On September 12, 2016, Stokes and WAS filed the instant limitation of liability proceeding in the United States District Court for the Eastern District of Louisiana (Civil Action No. 16-14645). Galindo, Vanbuskirk, Abe's, Continental Insurance Company, and Trinity Liftboat Services, LLC have all filed claims in the limitation action. Continental is Abe's insurer. Trinity is Vanbuskirk's Jones Act employer. It is organized under Louisiana law and maintains its principal place of business in New Iberia, Louisiana.

On September 22, 2016, Abe's filed a limitation of liability action in the United States District Court for the Eastern District of Louisiana. (Civil Action No. 16-14895).

Galindo and Vanbuskirk filed the instant motions arguing that Stokes' and WAS's limitation of liability proceeding should be dismissed or transferred, respectively, because the

United States District Court for the Eastern District of Texas, Beaumont Division is the proper venue for this proceeding under Rule F(9) of the Supplemental Rules for Admiralty and Maritime Claims and it is a more convenient forum under 28 U.S.C. §1404(a). Stokes and WAS argue that the United States District Court for the Eastern District of Louisiana is a proper venue under Rule F(9) and transfer is not warranted because it is also a convenient forum.

## ANALYSIS

The proper venue for a limitation of liability proceeding is dictated by Rule F(9) of the Supplemental Rules for Admiralty or Maritime Claims. Rule F(9) states that:

> The complaint shall be filed in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; *or if the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such claim*. When the vessel has not been attached or arrested to answer for the matters aforesaid, and suit has not been commenced against the owner, the proceedings may be had in the district in which the vessel may be, but if the vessel is not within any district and no suit has been commenced in any district, then the complaint may be filed in any district. For the convenience of the parties and witnesses, in the interest of justice, the court may transfer the action to any district; if venue is wrongly laid the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought.

Fed. R. Civ. P. Supp. Rule F(9) (emphasis added). The word "district" "refers to a geographical area that corresponds to a [United States] district court's boundaries[,]" not a particular type of court. In re Mike's, Inc., 337 F.3d 909, 896-97 (8th Cir. 2003). When there is more than one action pending at the time that the limitation petition is filed, the vessel owner may file the limitation petition in any district in which an action is pending because there is nothing in Rule F(9) that

3

indicates that the vessel owner must or should file the limitation petition in the venue where the first suit was filed. In re Oskar Tiedemann & Co., 259 F.2d 605, 607 (3d Cir. 1958).

When Stokes and WAS filed the instant limitation petition, two suits regarding the July 6, 2016, accident were pending against WAS in Jefferson County District Court, State of Texas, and one suit was pending against it in the United States District Court for the Eastern District of Louisiana. Thus, under Rule F(9), venue was proper in the United States District Court for the Eastern District of Louisiana, and Galindo's motion to dismiss is DENIED.

When venue is "properly laid" under Rule F(9), the court may transfer the action to any district if doing so is in the interest of justice for the convenience of the parties and witnesses. In determining whether to effect such a transfer, the court considers the same factors that apply to a transfer under 28 U.S.C. § 1404(a). In re TLC Marine Services, Inc., 900 F. Supp. 54, 56 (E.D. Tex. 1995) (citing In re Alamo Chem. Transp. Co., 323 F. Supp. 789, 791 (S.D. Tex. 1970)). Thus, the court must examine private and public interests factors to determine whether transfer is warranted:

> The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses, and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] in the application of foreign law.

In re Volkswagen, 545 F.3d 304, 315 (5th Cir. 2008) (citing Gulf Oil Corp. v. Gilbert, 67 S.Ct. 839, 843 (1947)) (internal citations omitted).

These factors are not necessarily exhaustive or exclusive. Id. The United States Court of Appeals for the Fifth Circuit has noted that "none . . . can be said to be of dispositive weight." Action Indus., Inc. v. U.S. Fid. & Guar. Corp., 358 F.3d 337, 340 (5th Cir. 2004). "The moving party bears the burden of demonstrating that the case should be transferred to an alternate forum." Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966). "The district court has wide discretion to determine whether to transfer for the convenience of parties and in the interest of justice." Weber v. Convey, 642 F.2d 91, 93 (5th Cir. 1981) (citing Bearden v. United States, 320 F.2d 99, 101 (5th Cir. 1963), cert. denied, 84 S.Ct. 679 (1964)).

**A. Private Interest Factors**

   **(1) Relative Ease of Access to Sources of Proof**

This action involves a maritime accident that occurred in Louisiana's navigable waters between a vessel owned by citizens of Texas and a vessel owned by a citizen of Louisiana. Claims have been asserted by a citizen of Texas, a citizen of Louisiana and a citizen of Mississippi. The claimants' treating physicians are located in Texas and Mississippi. Thus, there are sources of proof in all of these locations. Louisiana is geographically in between Texas and Mississippi, and the petitioners, who are both citizens of Texas, have stated that they will make evidence available in Louisiana. Thus, this factor weighs against transfer.

   **(2) Availability of Compulsory Process to Secure the Attendance of Witnesses**

Rule 45(b)(2) of the Federal Rules of Civil Procedure governs where a subpoena issued by a court of the United States may be served. Rule 45(b)(2) states:

> Subject to Rule 45(c)(3)(A)(ii)[1], a subpoena may be served at any place: (A) within the district of the issuing court; (B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection; (C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; (D) that the court authorizes on motion and for good cause, if a federal statute so provides.

The accident at issue occurred in the navigable waters of Louisiana, and this court could compel the appearance of witnesses to the accident. However, this court does not have subpoena power over nonparty witnesses in Texas or locations in Mississippi that are more than one hundred miles away. The United States District Court for the Eastern District of Texas, Beaumont Division would have subpoena power over witnesses located in Texas, but not Louisiana or Mississippi. Because there are conceivably witnesses in Texas, Louisiana and Mississippi, this factor is neutral.

### (3) Cost of Attendance for Willing Witnesses

Because the accident occurred in Louisiana and two of the claimants are Louisiana citizens, the cost of attendance for these witnesses would be less if this matter remains in this district. Further, the cost of travel to Louisiana would be less for witnesses located in Mississippi than would be the cost of travel to Texas. However, Stokes, WAS, and Galindo are all citizens of Texas, and many of Galindo's treating physicians are presumably located in Texas. Thus, traveling to Louisiana would be more expensive for them. Therefore, this factor is neutral.

---

[1] Rule 45(c)(3)(A)(ii) of the Federal Rules of Civil Procedure mandates that the issuing court quash or modify the subpoena if it "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person." An exception exists when dealing with travel within the state where the trial is held, but that is not applicable in the present case. See Fed. R. Civ. P. 45(c)(3)(B)(iii).

### (4) All Other Practical Problems that Make Trial of a Case Easy, Expeditious and Inexpensive

There are currently three civil actions pending in this court regarding the July 6, 2016, maritime accident at issue in this case. All of the cases are proceeding before the same judge and Stokes and WAS represented that they will move to consolidate the cases. Although there are two separate actions pending in Jefferson County District Court, State of Texas, the personal injury claims asserted in those cases can be resolved within the context of the two limitation of liability actions pending in this court. There are no cases regarding this accident pending in the United States District Court for the Eastern District of Texas, Beaumont Division. Therefore, this factor weighs against transfer.

## B. Public Interest Factors

### (1) Administrative Difficulties Flowing from Court Congestion

The United States District Court Management Statistics for June 2016 show that the United States District Court for the Eastern District of Texas had an average of 726 pending cases per judgeship, whereas the United States District Court for the Eastern District of Louisiana had an average of 1,373 pending cases per judgeship. The number for the Eastern District of Louisiana is misleading in terms of court congestion because there are several multidistrict litigation ("MDL") matters pending in this court. However, none of the MDL actions are before the judge presiding over this matter, and the presiding judge's calendar will accommodate a prompt trial date in this matter. Therefore, this factor weighs against transfer.

### (2) Local Interest in Having Localized Interests Decided at Home

This matter concerns a maritime accident that occurred in the navigable waters of the State of Louisiana. Two claimants, Abe's and Trinity, both maintain their principal places of business

in Louisiana. Galindo, Stokes and WAS Marine Service are all citizens of Texas. Stokes and WAS chose a venue in Louisiana for this matter. Thus, this factor weighs against transfer.

### (3) Familiarity of the Forum with the Law that Will Govern the Case

This matter concerns a maritime accident and the general maritime law will apply. The general maritime law is standard throughout the Fifth Circuit which encompasses both the United States District Court for the Eastern District of Louisiana and the United States District Court for the Eastern District of Texas. Thus, both proposed forums are familiar with the applicable law, and this factor is neutral.

### (4) Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

As explained above, the general maritime law applies to this matter. There are no foreseen conflicts of law or application of foreign law. This factor is neutral.

Two of the private interest factors and two of the public interest factors weigh against transfer, and two of the private interest factors and two of the public interest factors are neutral. There are no factors weighing in favor of transfer. Therefore, Vanbuskirk has not sufficiently shown that a balancing of the private and public interest factors weighs in favor of transfer to the United States District Court for the Eastern District of Texas, Beaumont Division for convenience of the parties and interests of justice. Therefore, Vanbuskirk's motion to transfer is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Claimant Brian Vanbuskirk's Motion to Transfer Venue (Doc. #9) is **DENIED.**

**IT IS FURTHER ORDERED** that Claimant Tony Galindo's Motion to Dismiss (Doc. #13) is **DENIED**.

New Orleans, Louisiana, this __30th__ day of November, 2016.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**